# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Dana Scioli,

               Plaintiff

    v.

USA and Colorado,

               Defendants

Case No. 2:23-cv-01041-CDS-BNW

**Appeal of Magistrate Judge's Order**

[ECF No. 9]

Plaintiff Dana Scioli, proceeding pro se, initiated this action by filing an application to proceed in forma pauperis (ECF No. 1) and notice of removal (ECF No. 1-1). On August 4, 2023, after screening Scioli's pleadings, Magistrate Judge Brenda Weksler granted Scioli's request to proceed in forma pauperis but dismissed the complaint without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Order, ECF No. 5. Judge Weksler also denied Scioli's motion for contempt because there is no operative complaint on the docket at this time. *Id.* at 3. Scioli appeals[1] Judge Weksler's order. ECF No. 9. For the reasons set forth herein, I deny the pending appeal of the order issued by Magistrate Judge Weksler (ECF No. 5). Rather, I affirm that order and adopt it in full.

## I.    Legal Standard

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or

---

[1] Scioli incorrectly refers to this as an "objection," rather than an "appeal." The magistrate judge's at-issue rulings are a screening order and a pretrial motion, not recommendations, and thus must be appealed, not objected to. *See* ECF No. 9. This distinction matters because magistrate judges' orders are subject to a lower standard of review (clearly erroneous standard) than reports and recommendations (de novo review). *Compare* LR IB 3-1(a) *with* LR IB 3-2(b). I thus refer to Scioli's motion as an "appeal" throughout and apply the clearly erroneous standard of review.

contrary to law." 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a). And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

## II.   Discussion

On August 30, 2023, Scioli filed a 25-page document entitled "Objection To The Magistrate Order of Brenda Weksler." *See generally* ECF No. 9. Because Scioli is pro se, his pleading "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). I thus liberally construe the appeal as required by law to identify the relief that Scioli seeks. Although the appeal is difficult to discern, it appears that Scioli is claiming that a magistrate judge has no jurisdiction to screen his complaint because he did not waive his right to have his case before an Article III judge. *Id.* at 24.

As noted above, Scioli initiated this action by filing an application to proceed in forma pauperis (ECF No. 1). Under 28 U.S.C. § 636, magistrate judges are assigned the responsibility of screening in forma pauperis complaints to alleviate the burden on the federal judiciary. 28 U.S.C. § 636(b)(1)(A). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam). In this district, the

review of in forma pauperis complaints are referred to magistrate judges as a matter of course. Thus, it was not necessary for Scioli to consent for the assigned magistrate judge to screen the complaint.

Section 1915(e)(2) directs a court to dismiss the case "at any time" if it determines that the plaintiff has failed to state a claim upon which relief may be granted. 28 U.S. Code § 1915(e)(2)(B)(ii). Though the word "prisoner" appears throughout § 1915, the requirement that a court dismiss a complaint which fails to state a claim applies to prisoners as well as non-prisoners proceeding in forma pauperis. *Lopez*, 203 F.3d at 1129; *see also Calhoun*, 254 F.3d at 845. A magistrate judge may decide non-dispositive pretrial matters without issuing findings and recommendations to an Article III judge. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Further, a magistrate judge has the authority to hear and determine certain non-dispositive pretrial motions in cases where the parties have not consented to a magistrate judge's exercise of jurisdiction. 28 U.S.C. § 636(b)(1)(A). Dismissal with leave to amend is non-dispositive and therefore within the authority granted by 28 U.S.C. § 636. The Ninth Circuit has recognized the distinction between non-dispositive dismissals and dispositive ones. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("As to non-dispositive matters . . . a magistrate can, for example, dismiss a complaint with leave to amend without approval by the court."). Judge Weksler screened Scioli's complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded that his "allegations describe fantastic and delusional scenarios." ECF No. 5 at 2. However, her order did not end Scioli's suit, rather, it gave him the opportunity to correct his complaint. Scioli had 30 days— until September 4, 2023—to file an amended complaint curing the deficiencies identified in Judge Weksler's order. *Id.* at 3. Rather than file an amended complaint, Scioli appealed. ECF No. 9. Because Scioli is proceeding pro se, out of an abundance of caution, I grant him another opportunity to amend his complaint. If he chooses to file an amended complaint, he must do so by October 19, 2023. Scioli is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v.*

*Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). If Scioli files an amended complaint, it will be screened in due course by the magistrate judge.

      Accordingly, Scioli's appeal is denied, and the magistrate judge's order (ECF No. 5) is adopted and affirmed in full.

**III.   Conclusion**

      IT IS THEREFORE ORDERED that Scioli's appeal of the magistrate judge's order **[ECF No. 9] is DENIED**. The order [ECF No. 5] is affirmed and adopted in full.

      IT IS FURTHER ORDERED that Scioli's complaint **[ECF No. 1-1] is DISMISSED** without prejudice.

      IT IS FURTHER ORDERED that Scioli has until October 19, 2023, to file an amended complaint.

      IT IS FURTHER ORDERED that Scioli's motion for contempt of court **[ECF No. 3] is DENIED**.

      DATED: September 19, 2023

                                          _____

                                          Cristina D. Silva
                                        United States District Judge