UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Dana Scioli,

        Plaintiff

 v.

United States of America, et al.,

        Defendants

Case No.: 2:23-cv-01041-CDS-BNW

**Order Adopting Report and Recommendation of the Magistrate Judge and Closing Case**

[ECF No. 11]

On August 4, 2023, Magistrate Judge Brenda Weksler dismissed plaintiff Dana Scioli's complaint (ECF No. 1-1) without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Order, ECF No. 5. Rather than amend the complaint, Scioli appealed Judge Weksler's decision. Appeal, ECF No. 9. After finding that Judge Weksler's order was not clearly erroneous,[1] I denied Scioli's appeal, adopted Judge Weksler's order and, out of an abundance of caution, granted Scioli another opportunity to amend his complaint. Order, ECF No. 10. After finding that Scioli failed to file an amended complaint by the deadline, Judge Weksler recommended that Scioli's case be dismissed without prejudice. R&R, ECF No. 11. Scioli filed an appeal with the Ninth Circuit Court of Appeals on October 30, 2023. ECF No. 12.

I. Discussion

Despite Scioli's filing of an appeal of my order adopting the R&R, the district court retains jurisdiction because this circuit has long recognized an exception to the general rule— that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters—when the appeal is taken from a non-final order or judgment. *Davidson v. Korman*, 2011 U.S. Dist. LEXIS 71192, *1–2 (citing *Est. of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993)). Dismissals with leave to amend are not final orders and are not appealable. The Ninth

---

[1] A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992).

Circuit has held that "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained." *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "Unless a plaintiff files in writing a notice of intent not to file an amended complaint, [a dismissal order with leave to amend] is not an appealable final decision." *Lopez v. City of Needles, Cal.*, 95 F.3d 20, 22 (9th Cir. 1996). Accordingly, as the order at issue is not final or appealable and the appeal is based on this unappealable order, the district court retains jurisdiction to proceed.

Judge Weksler's latest R&R recommends that I dismiss Scioli's complaint without prejudice and close the case for failure to file an amended complaint before the October 19, 2023, deadline. R&R, ECF No. 11. Under this district's local rules, Scioli had until November 7, 2023, to file objections to the R&R. LR IB 3-2(a). As of the date of this order, no objections have been filed. Although I am not required to review Judge Weksler's R&R[2], I nonetheless reviewed it and the docket, and agree with her findings. Scioli has not filed an amended complaint, nor did he request any additional time to file one. Accordingly, I adopt the R&R.

## II. Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Weksler's Report and Recommendation **[ECF No. 11] is adopted** in its entirety.

IT IS FURTHER ORDERED that the plaintiff's complaint is dismissed without prejudice. The Clerk of Court is kindly instructed to close this case.

DATED: November 13, 2023

_____
Cristina D. Silva
United States District Judge

---

[2] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).